IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ANTONIO GUTIERREZ ROSAS<br>*Plaintiff,* | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 5:21-CV-101 |
| | § | |
| P.A.M. TRANSPORTATION<br>SERVICES, INC., AND<br>SHYLOU EDDY ZEPHIRIN<br>*Defendants*. | §<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **ANTONIO GUTIERREZ ROSAS**, Plaintiff herein, complaining of **P.A.M. TRANSPORTATION SERVICES, INC.,** and **SHYLOU EDDY ZEPHIRIN**, Defendants herein, and would show the Court as follows:

## PARTIES

1.   Plaintiff, **ANTONIO GUTIERREZ ROSAS**, is an individual and citizen of the Republic of Mexico, and currently resides in State of Tamaulipas.

2.   Defendant, **P.A.M. TRANSPORTATION SERVICES, INC.**, is a corporation that is incorporated under the laws of the State of Delaware. Defendant **P.A.M. TRANSPORTATION SERVICES, INC.,** has its principal place of business in the State of Arkansas. Pursuant to 49 CFR 399, et seq. Defendant **P.A.M. TRANSPORTATION SERVICES, INC.,** as an interstate motor carrier has designated Oscar Ramos at 2010 Los Suenos Court, Laredo, Texas 78045 as agent for service of process.

Defendant **P.A.M. TRANSPORTATION SERVICES, INC.**, at all times material to this action, has engaged in business in Texas, as more particularly described below. Defendant does

not maintain a place of regular business in Texas, however, the cause of action asserted arose from or is connected with purposeful acts committed by the Defendant in Texas in that Defendant operates a cross-country commercial trucking company. Its fleet of trucks crisscross Texas roadways on a daily basis and pickup and deliver all manner of merchandise from Texas merchants, shippers, and distributors. As such, they have established a general presence in this state and this Defendant has engaged in continuous and systematic activities in Texas. This Defendant has purposely, by action or conduct, directed activities toward the forum state (Texas) and has and is doing business in this State. This Defendant, due to contracts with and sales to Texas residents, contacts with Texas, and marketing and sales in this State, anticipated or should have anticipated the use of Texas courts as a result of such contacts. Litigating in Texas is not unreasonably inconvenient for this Defendant.

3. Defendant, **SHYLOU EDDY ZEPHIRIN**, (hereinafter referred to as Defendant **ZEPHIRIN**), is an individual and citizen of the State of Florida. This Defendant may be served with process in accordance with §17.062(a), of the Texas Civil Practice and Remedies Code by serving a copy of the summons and complaint by certified mail, return receipt requested, to the Chairman of the Texas Transportation Commission, Mr. J. Bruce Bugg, Jr., at the Texas Department of Transportation, 125 E. 11th Street, Austin, Texas 78701, who will in turn forward a copy of the summons and complaint by certified or registered mail, return receipt requested, to Defendant **ZEPHIRIN'S** place of abode at 1430 NE 40th Court, Pompano Beach, Florida 33064.

## JURISDICTION

4. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of the Republic of Mexico and Defendants are citizens of different U.S. states, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), excluding

interest and costs. Specifically, Plaintiff is a citizen of the State of Tamaulipas, Mexico. Defendant **P.A.M. TRANSPORTATION SERVICES, INC.,** is a corporation incorporated under the laws of State of Delaware with its principal place of business in the State of Arkansas. Defendant **ZEPHIRIN** is a citizen of the State of Florida.

## VENUE

5. Venue is proper in this district because it is the district in which a substantial part of the events or omissions giving rise to the claims occurred. *See* 28 U.S.C. § 1391(b). This claim arises out of a motor vehicle collision occurring on October 05, 2020, in Laredo, Webb County, Texas.

## FACTS

6. Plaintiff **ANTONIO GUTIERREZ ROSAS** would show the Court that on or about October 05, 2020, he was driving a 2017 Volkswagon Jetta and was attempting to exit FedEx private parking lot located at 8202 Killiam Industrial Boulevard in Laredo, Webb County, Texas. At or near that same time Defendant **ZEPHIRIN**, operating a 2020 black Peterbilt tractor-truck, was traveling westbound in heavy, slow moving, traffic on the 8200th block of Killiam Industrial Boulevard approaching the FedEx private parking lot. On said date, Plaintiff honked at Defendant **ZEPHIRIN,** grabbed his attention and motioned with his hand to give him the right of way to cross in front of him. Defendant **ZEPHIRIN** gave him the right of way and Plaintiff entered Killiam Industrial Boulevard but stopped in front of the tractor truck Defendant **ZEPHIRIN** was operating. Plaintiff was prudently waiting for traffic to clear in order to continue to cross Killiam Industrial Boulevard when suddenly and without warning Defendant **ZEPHIRIN** drove forward and violently struck the vehicle Plaintiff was driving. As a result of the impact, Plaintiff **ANTONIO GUTIERREZ ROSAS** suffered injuries to his upper back, middle back, lower back,

right wrist, left ankle and neck.

## NEGLIGENCE OF DEFENDANT ZEPHIRIN

7. In causing the collision of the vehicles involved, Defendant **ZEPHIRIN** was guilty of various acts or omissions which constitute negligence as enumerated below, each of which constitutes a proximate cause of Plaintiff's injuries and damages, to wit:

   a. In failing to keep a proper lookout for other traffic as a reasonable and prudent person would have done under the same or similar circumstances;

   b. In failing to safely operate the vehicle he was driving while in the course and scope of his employment as a reasonable and prudent person would have done under the same or similar circumstances;

   c. In failing to maintain proper control of his vehicle as a reasonable and prudent person would have done under the same or similar circumstances;

   d. In failing to timely apply the brakes to the vehicle he was operating in order to avoid the collision in question;

   e. In failing to take proper evasive action in order to avoid said collision; and

   f. In failing to continue to yield the right of way to the vehicle Plaintiff was driving after giving Plaintiff the right of way and allowing him to cross in front of the tractor truck Defendant **ZEPHIRIN** was operating.

8. Plaintiff would show that each of the foregoing acts and/or omissions was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by Plaintiff as described herein below.

## RESPONDEAT SUPERIOR

9. At the time of the collision described above, Defendant **ZEPHIRIN** was the agent, servant, and/or employee of Defendant **P.A.M. TRANSPORTATION SERVICES, INC.**, and was acting within the course and scope of his employment as agent, servant and/or employee of Defendant **P.A.M. TRANSPORTATION SERVICES, INC.**.  Defendant **ZEPHIRIN**, was operating the 2020 Peterbilt tractor-truck on the public streets and highways of the State of Texas

in furtherance of Defendant, **P.A.M. TRANSPORTATION SERVICES, INC.'s** business. Defendant **ZEPHIRIN** was operating the 2020 black Peterbilt tractor-truck with the knowledge, and consent of Defendant **P.A.M. TRANSPORTATION SERVICES, INC.**. Therefore, Defendant **P.A.M. TRANSPORTATION SERVICES, INC.**, is liable under the doctrine of Respondeat Superior.

### NEGLIGENT ENTRUSTMENT

10. In the alternative, Plaintiff would show that Defendant, **ZEPHIRIN**, had expressed or implied consent to drive the vehicle in question and received direction from Defendant **P.A.M. TRANSPORTATION SERVICES, INC.** That Defendant **P.A.M. TRANSPORTATION SERVICES, INC.** were negligent in entrusting the motor vehicle to Defendant **ZEPHIRIN**, when they knew or should have known that Defendant **ZEPHIRIN**, was a reckless and incompetent driver. Further, such negligence of Defendant **ZEPHIRIN**, was approximate cause of the accident and damages suffered by Plaintiff.

### NEGLIGENT HIRING. TRAINING. SUPERVISION. RETENTION AND EQUIPMENT

11. In the alternative, Plaintiff would show that on the occasion in question and at all relevant times, Defendant **P.A.M. TRANSPORTATION SERVICES, INC.**, was negligent in various acts and omissions, including, but not limited to the following:

   a. Failing to properly investigate the driving competence of Defendant, **ZEPHIRIN**;

   b. Failing to properly investigate the driving history of Defendant, **ZEPHIRIN**;

   c. Failing to properly investigate the background of Defendant, **ZEPHIRIN** as it may relate to Defendant's competence and suitability as a driver;'

   d. Failing to properly train Defendant, **ZEPHIRIN** in the safe operation of a vehicle on the public streets of the State of Texas;

e. Failing to properly supervise Defendant, **ZEPHIRIN** to assure that he was safely operating his vehicle on the public streets and highways of the State of Texas; and

f. Employing inadequate driver retention policies.

12. Plaintiff would show that each of the foregoing acts and/or omissions was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by Plaintiff as described herein below.

## DAMAGES

13. Plaintiff **ANTONIO GUTIERREZ ROSAS,** would show that as a direct and proximate cause of the aforesaid negligence of the above named Defendants, he sustained injuries to his upper back, middle back, lower back, right wrist, left ankle and neck, and he has suffered physical pain and mental anguish in the past and in all reasonable probability will continue to so suffer in the future; he has suffered physical impairment in the past and in all reasonable probability will continue to so suffer in the future; he has suffered impairment to his earning capacity in the past and in all reasonable probability will continue to suffer a loss of wage earning capacity in the future. Plaintiff **ANTONIO GUTIERREZ ROSAS** has incurred reasonable and necessary medical expenses for the proper treatment of his injuries in the past and in all reasonable probability will continue to incur medical expenses in the future.

## JURY DEMAND

14. The Plaintiff demands a jury trial on all issues which may be tried to a jury.

## PRAYER

15. Premises considered, Plaintiff asks that the Defendants be cited to appear and answer and that, upon final trial, the court enter judgment against the Defendants for Plaintiff's actual damages in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00), pre-judgement and post-judgement interest, for costs of court and for such other and further relief,

both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**KNICKERBOCKER HEREDIA SALINAS & SALINAS, P.C.**
468 Main Street
Eagle Pass, Texas 78852-4598
Telephone No.: 830/773-9228
Telecopier No.: 830/773-2582
borderlawyer@knicklaw.com

AND

5460 Springfield Ave., Suite 109
Laredo, Texas 78041
Telephone No.: 956/267-5733
Telecopier No.: 956/267-5734
borderlawyer@knicklaw.com


By: /s/ *Marco A. Salinas*
           **MARCO A. SALINAS**
State Bar No. 00794583

ATTORNEYS FOR PLAINTIFF